**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ICEBERG ASSOCIATES, LLP,<br><br>                       Plaintiff,<br><br>v.<br><br>DYNAMIC DATA TECHNOLOGIES, LLC, et al.,<br><br>                       Defendant. | Case No.: 3:22-cv-01084-RBM-DDL<br><br>**ORDER GRANTING MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Docs. 10, 12]** |

Presently before the Court are two motions to seal filed by Defendant Dynamic Data Technologies, LLC ("Dynamic Data"). (Docs. 10, 12.) For the reasons discussed below, Dynamic Data's motions are **GRANTED**.

### I.  LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fᴇᴅ. R. Cɪᴠ. P. 269(c)(1)(G)).

## II.   DISCUSSION

Dynamic Data seeks to seal: (1) portions of the Complaint filed in this action by Iceberg Associates LLP ("Plaintiff"); and (2) portions of Dynamic Data's memorandum of

points and authorities in support of its motion to dismiss. (*See* Doc. 10 at 1; Doc. 12 at 2.) Because each of these filings are "more than tangentially related to the merits of the case," the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. The Court will consider each request in turn.

In its first motion to seal, Dynamic Data seeks an order redacting certain information from Plaintiff's Complaint and Exhibit 2 to the Complaint. Dynamic Data states that neither Plaintiff nor Defendant MaxLinear, Inc. ("MaxLinear") opposes Dynamic Data's request. (Doc. 10 at 1.) Dynamic Data argues compelling reasons exist to file portions of the Complaint and Exhibit 2 thereto under seal because they contain "Dynamic Data's pricing information relating to both patent acquisition pricing and patent licensing pricing" which are key portions of Dynamic Data's business. (*Id*. at 1–2.) Exhibit 2 to the Complaint is an April 18, 2018 Patent Purchase Agreement between Entropic Communications, LLC (a wholly-owned subsidiary of MaxLinear), MaxLinear, and Dynamic Data. (Doc. 10-2 ¶ 2.) Dynamic Data states that its "business involves acquiring patent rights and licensing those patent rights to technology companies" and that the pricing information subject to the motion to seal, "if known to potential sellers of patents or potential licensees of patents owned by Dynamic Data, can be used to Dynamic Data's detriment." (*Id*. ¶ 3.) Finally, Dynamic Data argues that its future business dealings would be prejudiced if this information was disclosed to its competitors. (*Id*. ¶ 4.) In its second motion to seal, Dynamic Data seeks an order redacting certain information from its memorandum of points and authorities in support of its motion to dismiss. Dynamic Data states that the information it seeks to redact from its briefing is the same information it seeks to redact from Plaintiff's Complaint. (Doc. 12 at 2.) Defendant again argues that information contained in the April 18, 2018 Patent Purchase Agreement, if filed publicly, would negatively impact Dynamic Data's business. (Doc. 12-2 ¶¶ 2–4.)

The Court finds compelling reasons to seal the information subject to Dynamic Data's motions. Having reviewed Dynamic Data's proposed redactions, along with the underlying content of the documents at issue, the Court finds the proposed redactions and

sealing request narrowly tailored to protect only that information directly related to Dynamic Data's commercially sensitive information. Additionally, the Court finds that the information, if disclosed, could potentially hurt Dynamic Data's competitive standing. *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents where court found such information "could be improperly used" by competitors).

### III.  CONCLUSION

Accordingly, the Court **GRANTS** Dynamic Data's motions to seal.  (Docs. 10, 12.) On or before **October 14, 2022**: (1) the parties shall coordinate and file a redacted version of the Complaint and Exhibit 2 thereto on the public docket; and (2) Defendant shall file a redacted version of its memorandum of points and authorities in support of its motion to dismiss on the public docket.  All redactions must comport with the terms of this Order. The Clerk of Court is directed to accept and file under seal the lodged documents (Docs. 11, 13).

**IT IS SO ORDERED**.

DATE:  October 7, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE